■ Jackelyn Valdez et al., Respondents, v Sherman Estates, Inc., et al., Appellants. [638 NYS2d 10] —Order, Supreme Court, New York County (Stephen Crane, J.), entered May 9, 1994, which, insofar as appealed from, denied defendants' motion to set aside the verdict and for judgment in their favor as a matter of law, and granted plaintiffs' motion to set aside the verdict as against the weight of the evidence to the extent of setting aside the award for future pain and suffering and the finding that there was no loss of services, and directed a new trial on those damages issues, unanimously affirmed, without costs.

At least with respect to apartments in older buildings where children under six may be found, there is no merit to defendants' argument that under Administrative Code of the City of New York § 27-2013 (h), a landlord owes no duty to a tenant to inspect the tenant's apartment for lead paint contamination and cannot be held liable for resulting injuries unless it had

actual notice of a dangerous level of lead in the apartment. The plain effect of the statute, especially its presumption that peeling paint in such an apartment has the prohibited level of lead content, is to the contrary, and the entire remedial scheme would be meaningless if a landlord could suffer a lead condition in its building until given "notice" of the condition as the result of a test performed by others.

The trial court properly exercised its discretion in granting plaintiffs a new trial pursuant to CPLR 4404 (see, *Yalkut v City of New York*, 162 AD2d 185, 188). The infant had to have suffered some injury as a consequence of lead poisoning, or else the jury would have found for defendants entirely; there was only insubstantial evidence to contradict plaintiffs' evidence that, if the infant had brain damage, it was permanent; and there was no evidence that the infant was exposed to any possible source of lead other than paint debris in the apartment. As for loss of services, plaintiffs' expert's testimony concerning the difficulties the infant will have doing such chores as going to the store, and later getting an entry-level job, went unchallenged except for the necessarily rejected defense evidence that the infant suffered no "substantial" organic damage at all, and thus no fair interpretation of the evidence supports a finding that plaintiff mother suffered no loss of services at all.

We have considered defendants' remaining arguments, and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Ross and Williams, JJ.